IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN A. BRYANT                                                                      PETITIONER

VS.                                                          CIVIL ACTION NO. 1:19cv300-HSO-FKB

SUPERINTENDENT JOE
ERRINGTON                                                                          RESPONDENT

## **REPORT AND RECOMMENDATION**

John A. Bryant entered a plea of guilty in the Circuit Court of George County, Mississippi, to two counts of sexual battery. By order dated July 19, 2007, he was sentenced to serve 25 years, 20 years to be served in custody, and five years on post-release supervision. He now brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as untimely. Bryant has filed no response to the motion. The undersigned recommends that the motion be granted and the petition dismissed with prejudice as untimely.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under 28 U.S.C. § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Bryant's conviction became final at the latest on Monday, August 20, 2007, 30 days after his sentencing, and his one-year limitations period began to run that day.[1] He had one year from that date, or until August 20, 2008, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief was pending in the state court. Bryant filed no motion in state court for post-conviction relief prior to August 20, 2008. Therefore, his AEDPA statute of limitations ran on that date.

Bryant did not file his federal habeas petition until on or after December 5, 2018.[2] Thus, his petition is untimely. Furthermore, he has not shown that he is entitled to

---

[1] By statute, there is no direct appeal from a guilty plea in Mississippi. *See* Miss. Code Ann. § 99-35-101. However, at the time of Bryant's guilty plea, the Mississippi Supreme Court recognized an exception to this prohibition, allowing an appeal within 30 days of the sentencing order when the issue concerned an allegedly illegal sentence. *See, e.g., Acker v. State*, 797 So. 2d 966 (Miss. 2001). (This exception no longer exists for guilty pleas taken after July 1, 2008. *See* Miss. Code Ann. § 99-35-101; *Seal v. State*, 38 So. 3d 635 (Miss. Ct. App. 2010)). Therefore, at the latest, Bryant's conviction became final when his 30-day period for seeking review of his sentence expired.

[2] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999). Bryant's petition was signed on December 5, 2018 and was stamped "SMCI Approved Legal Mail" on May 22, 2019. It was file-stamped by this court on May 30, 2019. Thus, the petition was filed sometime between December 5, 2018, and May 22, 2019.

equitable or statutory tolling or that any other exception applies. For this reason, the undersigned recommends that the motion to dismiss be granted and that the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 19th day of February, 2020.

                                                s/ F. Keith Ball
                                                United States Magistrate Judge