# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN A. BRYANT, #130959** | § | **PETITIONER** |
| | § | |
| **v.** | § | **Civil No. 1:19cv300-HSO-FKB** |
| | § | |
| **SUPERINTENDENT JOE ERRINGTON** | § | **RESPONDENT** |

## ORDER ADOPTING MAGISTRATE JUDGE'S [14] REPORT AND RECOMMENDATION; GRANTING RESPONDENT'S [12] MOTION TO DISMISS; AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

This matter comes before the Court on the Report and Recommendation [14] of United States Magistrate Judge F. Keith Ball, entered in this case on February 19, 2020, and on Respondent Joe Errington's Motion to Dismiss [12] filed on August 1, 2019. Petitioner John A. Bryant has not filed a Response to the Motion to Dismiss [12], nor an Objection to the Report and Recommendation [14]. After due consideration of Respondent's Motion to Dismiss [12], the Magistrate Judge's Report and Recommendation [14], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [14] should be adopted, that Respondent's Motion to Dismiss [12] should be granted, and that Petitioner's Petition for Writ of Habeas Corpus [1] should be dismissed with prejudice.

## I. BACKGROUND

On July 16, 2007, Petitioner John A. Bryant ("Petitioner" or "Bryant")

pleaded guilty to two criminal counts of sexual battery in the Circuit Court of George County, Mississippi (the "Circuit Court"), and on July 19, 2007, he was sentenced to term of imprisonment of 25 years in the custody of the Mississippi Departments of Corrections. *See* R. [13-1] at 17-19. Under Mississippi state law, there is no direct appeal from a guilty plea, *see* Miss. Code Ann. § 99-35-101, but at the time of Petitioner's guilty plea, there was an exception allowing an appeal from a guilty plea within 30 days when the issue appealed concerned an alleged illegal sentence, *see, e.g., Berry v. State*, 722 So. 2d 706, 707 (Miss. 1998); Mot. [12] at 3 n.3 (collecting cases and explaining that the exception no longer applies to guilty pleas taken after July 1, 2008). Because Petitioner did not pursue a direct appeal, his judgment became final on Monday, August 20, 2007.[1] *See* 28 U.S.C. § 2244(d)(1)(A); *see also, e.g., Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Over ten years later, on December 11, 2018, Petitioner filed an application in the Mississippi Supreme Court for leave to proceed in the trial court, along with a motion for post-conviction collateral relief. *See Bryant v. State*, No. 2018-M-01715 (Miss. Dec. 11, 2018). The Mississippi Supreme Court denied Petitioner's Motion, *see* R. [13-4] at 2, and on March 1, 2019, Petitioner filed a motion for post-conviction relief in the Circuit Court, which was denied on July 19, 2019, *see* R. [12-5] at 1; R. [12-4] at 1-2.

On or about December 5, 2018, Petitioner submitted for mailing a Petition for Writ of Habeas Corpus [1] under 28 U.S.C. § 2254, which was docketed by the Clerk

---

[1] Thirty days from the judgment date was August 18, 2007, which was a Saturday.

of this Court on May 30, 2019. Respondent filed a Motion to Dismiss [12], arguing that the Petition is untimely under 28 U.S.C. § 2244(d). *See* Mot. [12] at 9. Petitioner did not respond to the Motion to Dismiss [12].

On February 19, 2020, the Magistrate Judge entered a Report and Recommendation [14] recommending that the Petition be dismissed with prejudice as untimely. *See* R. & R. [14] at 2-3. A copy of the Report and Recommendation [14] was mailed to Petitioner at his address of record on February 19, 2020. Petitioner has not filed any objection to the Report and Recommendation [14], and the time for doing so has passed.

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. *See id.* The Petition was plainly filed more than one year after the date on which the judgment became final, making it untimely under 28 U.S.C. § 2244(d), and Petitioner has not shown that he is entitled to statutory or

3

equitable tolling, or that any other exception applies. Dismissal with prejudice is warranted.

III. CONCLUSION

The Court will adopt the Magistrate Judge's Report and Recommendation [14] as the opinion of this Court, grant Respondent's Motion to Dismiss [12], and dismiss the Petition for Writ of Habeas Corpus [1] with prejudice as untimely.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [14] of United States Magistrate Judge F. Keith Ball, entered in this case on February 19, 2020, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Joe Errington's Motion to Dismiss [12] filed on August 1, 2019, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner John A. Bryant's Petition for Writ of Habeas Corpus [1] is **DISMISSED WITH PREJUDICE** as untimely.

**SO ORDERED AND ADJUDGED**, this the 18th day of March, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE